IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RHODA KAUFFMAN,

        Plaintiff,

    v.

JOHN T. MCCANN, et al.,

        Defendants.

Civil Action
No. 05-3687 (JBS)

**OPINION**

APPEARANCES:

Jonathan J. Sobel, Esq.
GALERMAN & TABAKIN, LLP
1103 Laurel Oak Road
Suite 111
Voorhees, NJ 08403
    Attorney for Plaintiff

Daniel James DiStasi, Esq.
GREEN, LUNDGREN & RYAN, P.C.
1010 Kings Highway South
Building 2
Cherry Hill, NJ 08034
    Attorney for Defendant John T. McCann

**Simandle, District Judge:**

## I. INTRODUCTION

This case arises out of an automobile accident between the parties that occurred in New Jersey. Plaintiff Rhoda Kauffman ("Plaintiff"), a Pennsylvania resident, filed this action against Defendant John McCann ("Defendant"), a New Jersey resident, seeking monetary compensation in excess of $100,000, including damages for such non-economic harm as "pain and suffering." (Compl. at 3.)

Defendant filed a motion for summary judgment, seeking to preclude Plaintiff from recovering non-economic damages because of her alleged failure to meet the requirements of N.J. Stat. Ann. § 39:6A-8(a) ("the Automobile Insurance Cost Reduction Act" or "AICRA").  There was a dispute as to whether this statute applied to Plaintiff, as it was unclear whether her insurance provider was authorized to transact automobile insurance in New Jersey at the time of the crash.  See N.J. Stat. Ann. § 17:28-1.4 (deemer statute).

The Court heard oral argument on October 19, 2006 and December 7, 2006 and determined on December 13, 2006 that Plaintiff's automobile insurance provider was authorized to transact business in New Jersey as of the date of the accident. Therefore, the Court held that Plaintiff is subject in this action to the requirements of AICRA, but the Court permitted additional briefing and reserved decision as to whether the statute bars Plaintiff from pursuing non-economic damages in this case.

AICRA's limitation on lawsuit threshold will not restrict a plaintiff's remedies if she "has sustained a bodily injury which results in . . . a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.  An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to

function normally with further medical treatment."  N.J. Stat. Ann. § 39:6A-8(a); see DiProspero v. Penn, 183 N.J. 477, 481-82 (2005) ("[A]n automobile accident victim who is subject to the threshold and sues for noneconomic damages has to satisfy only one of AICRA's six threshold categories and does not have the additional requirement of proving a serious life impact.") Plaintiff claims she has suffered permanent injuries which have not and will not heal to function normally.  In addition to medical records, Plaintiff has presented the Court with a medical certification from her doctor stating as much, as the statute requires.  Defendant argues that this certification, in and of itself, cannot create a genuine issue of material fact and that the remaining evidence in this case does not do so either.

## II.  STANDARD

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty

3

Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is
whether there are "any genuine factual issues that properly can
be resolved only by a finder of fact because they may reasonably
be resolved in favor of either party."  Liberty Lobby, 477 U.S.
at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326,
329-30 (3d Cir. 1995) (citation omitted).

    With this standard in mind, the Court turns now to the facts
of this case.

## III.  BACKGROUND

    On July 25, 2003, Defendant's vehicle collided with
Plaintiff's vehicle at about 7 P.M. in Galloway Township, New
Jersey.  Plaintiff is a resident of Pennsylvania and Defendant is
a resident of New Jersey, as they were at the time of the
accident.

    Approximately one month after the accident, an X-ray of
Plaintiff's cervical and lumbar spine showed multilevel
degenerative and disc disease, as well as straightening of the
spine partly due to fusion at C5-6 and possibly due to spasm in
the cervical spine.  The radiologist noted that the fusion was
likely congenital.  The X-ray also showed that Plaintiff had
scoliosis in her lower back and multilevel degenerative disease
and a congenital anomaly of L5 in the lumbar spine.

    On August 26, 2003, Dr. Carl Goodman examined and diagnosed
Plaintiff with cervical, trapezius and lumbar strain/sprain;

4

resolving hematoma and sprain/strain of her left calf; and
cephalgia.  A lumbar MRI in October 2003 showed that Plaintiff
suffers from multilevel degenerative disease in the lumbar spine.
The lumbar MRI revealed a mild bulge at L1-2; concentric bulging
at L3-4, L4-5 and L5-S1, associated with facet arthropathy and
mild stenosis.  (Def. Ex. H.)  The radiologist's report on that
MRI indicates that any injury is congenital or degenerative (id.)
and provides little to no support for Plaintiff's claim that she
suffered permanent back injury from the accident.

In addition to the injuries she suffered in 2003, Plaintiff
previously injured her neck and back in a 1990 automobile
accident when a truck hit the car in which she was a passenger.
From the time of that accident until the time of the 2003
accident, Plaintiff's lower back continued to bother her and she
continued to perform the exercises prescribed by her physical
therapist in 1990.[1]

Plaintiff has submitted a medical certification from her
treating physician, Dr. Bruce Barris, which indicates that the
subject accident caused her disc bulging, lumbar stenosis, lumbar
radiculopathy, cervical strain and sprain, and leg contusions.
In Dr. Barris's AICRA certification, he opined that based on

---

[1]  See Davidson v. Slater, 189 N.J. 166, 170 (2007) ("When a
plaintiff does not plead aggravation of pre-existing injuries as
the animating theory for the claim, a comparative analysis is not
required . . . .")

objective medical evidence, including the MRI, Plaintiff's injuries "have not healed to function normally, will not heal to function normally with further treatment and came as a result of the . . . accident." (Def. Ex. E at 1-2.) Dr. Barris made a similar assessment while treating plaintiff, when he noted that her prognosis was "uncertain". (Def. Ex. G.)

On the other hand, in her deposition testimony, Plaintiff described her current symptoms as occasional aches in her neck and lower back. In January 2004, Dr. Barris noted that throughout the late months of 2003, Plaintiff had full range of motion in her lumbar region and reached a plateau in her physical therapy. (Def. Ex. G.). Nevertheless, Dr. Barris opined that Plaintiff's functioning was impacted by periodic spasms and knotting that produce pain. (Id.) Plaintiff has not sought any treatment since January 2004.

## IV. DISCUSSION

Defendant argues that the Court should bar Plaintiff from pursuing non-economic damages because there is no genuine issue of material fact in regard to Plaintiff's allegation that she "has sustained a bodily injury which results in . . . a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J. Stat. Ann. § 39:6A-8(a) "An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not

6

heal to function normally with further medical treatment." Id.
Defendant argues that Plaintiff is required to come forward with
objective medical evidence in support of her claim that she has a
permanent injury that impacts functioning; Defendant argues that
the doctor's certification does not, in and of itself, preclude
summary judgment.  "As defendant notes, a court is not bound to
rely solely on a physician's certification to vault a plaintiff
over the verbal threshold." Davidson v. Slater, 189 N.J. 166,
189 (2007)(citing Rios v. Szivos, 354 N.J. Super. 578, 584 (App.
Div. 2002), which held that trial judge erred by precluding
summary judgment solely because physician's certification claimed
permanent injury).

　　　Plaintiff opposes, arguing that the New Jersey Supreme
Court's decision in DiProspero v. Penn, 183 N.J. 477 (2005) put
the Appellate Division's holding in Rios in doubt and that it was
an open question whether a doctor's certification precludes
summary judgment.  The New Jersey Supreme Court's subsequent
decision in Davidson, which explicitly adopted Rios's point on
this topic, precludes that argument.  Thus, the Court may treat
the certification like any other evidence on summary judgment.
Plaintiff also argues that the evidence as a whole precludes
summary judgment because, viewed in the light most favorable to
her, there is a genuine issue whether she has suffered the type
of injury AICRA requires for non-economic damages.  However,

7

Plaintiff fails to point to objective medical evidence upon which
the doctor's certification relies, to meet the statutory
threshold requirements.

"Although entitled to the benefit of all justifiable
inferences from the evidence, the nonmoving party may not, in the
face of a showing of a lack of a genuine issue, withstand summary
judgment by resting on mere allegations or denials in the
pleadings; rather, that party must set forth 'specific facts
showing that there is a genuine issue for trial,' else summary
judgment, 'if appropriate,' will be entered." U.S. v. Premises
Known as 717 South Woodward Street, Allentown, Pa., 2 F.3d 529,
533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e))(citations
omitted). "Rule 56(c) mandates the entry of summary judgment,
after adequate time for discovery and upon motion, against a
party who fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial. In such
a situation, there can be 'no genuine issue as to any material
fact,' since a complete failure of proof concerning an essential
element of the nonmoving party's case necessarily renders all
other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317,
322-23 (1986).

Defendant has argued that Plaintiff's MRI shows nothing more
than normal degeneration of her spine.  Defendant's medical

expert, Dr. Neil Goldstein, who examined Plaintiff in 2005 and
reviewed her records, determined that there were no long-term
effects from the accident and that Plaintiff's physical state was
appropriate for someone of her age.  (Def. Ex. K.)  He affirmed
this opinion in April 2006, after reviewing additional medical
records.  (Id.)  Plaintiff provides no objective medical evidence
to rebut these conclusions.  Plaintiff has repeatedly relied on
her doctor's certification.  As explained above, if that
certification does not actually rely on objective medical
evidence showing permanent loss of functioning, the Court may
grant summary judgment for Defendant.

     Because it is Plaintiff's burden at trial to show that
Defendant caused her permanent injuries within the meaning of
AICRA, Plaintiff may not merely rest on her pleadings once
Defendant has come forward with evidence tending to show that
Plaintiff is not suffering permanent injury.  Especially
persuasive is Defendant's argument that Plaintiff has not sought
treatment in nearly three years.  To be sure, not all permanent
injury requires ongoing treatment, but if Plaintiff were
suffering permanent injury, the Court would expect some medical
evidence procured recently that shows this to be so.  Plaintiff
has produced none.  On the contrary, the recent reports from
Defendant's expert show that Plaintiff has healed to function
normally.  No reasonable fact-finder could find that Plaintiff's

injuries have not healed to function normally.  In the face of nothing other than Plaintiff's doctor's say-so and a four-year-old MRI that indicates the normal effects of aging, the Court cannot let Plaintiff's non-economic claims go to a jury under New Jersey's AICRA statute.

**V.   CONCLUSION**

Therefore, the Court shall grant the motion for summary judgment as to Plaintiff's claims for non-economic damages.  An appropriate Order shall be entered.


**March 29, 2007**                          **s/ Jerome B. Simandle**
Date                                         Jerome B. Simandle
                                             U.S. District Judge

10